**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2249**

JESSICA SLICE-SADLER,

        Plaintiff - Appellant,

    v.

PRINCIPAL LIFE INSURANCE COMPANY,

        Defendant - Appellee,

    and

THE PRINCIPAL FINANCIAL GROUP, NC,

        Defendant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta C. Biggs, District Judge. (1:15-cv-00216-LCB-JLW)

Submitted: July 27, 2018                    Decided: August 17, 2018

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jeffrey R. Monroe, Jason A. Miller, MILLER MONROE & PLYLER, PLLC, Raleigh, North Carolina, for Appellant. Elizabeth J. Bondurant, Atlanta, Georgia, Johnny M. Loper, WOMBLE BOND DICKINSON (US) LLP, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jessica Slice-Sadler appeals the district court's order granting Principal Life Insurance Company's ("Principal") Fed. R. Civ. P. 59(e) motion for reconsideration of the court's prior grant of summary judgment in favor of Slice-Sadler and granting summary judgment in favor of Principal in this diversity-based insurance action. We affirm.

Principal issued a disability income insurance policy to Slice-Sadler in June 2009 ("the policy"). Slice-Sadler purchased two policy riders that allowed for annual increases to her monthly benefit and provided that such increases applied to new disabilities that started on or after July 23 of the relevant year. In May 2012, Slice-Sadler submitted a disability claim notice, alleging that she had a residual disability as of January 10, 2012, and a total disability as of April 14, 2012. Principal denied Slice-Sadler's claim, finding that she did not have a total or residual disability. Principal offered, and Slice-Sadler accepted, five annual increases to the monthly benefit she would receive if she became disabled, raising her maximum monthly benefit as of July 23 to $5,250 in 2010; $5,475 in 2011; $6,150 in 2012; $6,400 in 2013; and $6,660 in 2014. After Slice-Sadler filed suit seeking payment of benefits under the policy, in February 2016, Principal concluded that, while Slice-Sadler did not have a total disability, she had a residual disability as of January 10, 2012.

Pursuant to mediation, the parties resolved all issues except the monthly amount to which Slice-Sadler was entitled under the policy. The district court initially granted summary judgment in favor of Slice-Sadler, finding that she was entitled to all of the

3

benefit increases. It subsequently granted Principal's Rule 59(e) motion and granted summary judgment in favor of Principal, concluding that Slice-Sadler was entitled to a maximum monthly payment of $5,475 on the basis that her disability started in January 2012 and any subsequent benefit increases were inapplicable.

On appeal, Slice-Sadler contends that it was reasonable for her to believe that the increases that Principal offered, and she accepted, after she filed her claim would apply if Principal later accepted the claim. She maintains that she paid increased premiums for each benefit increase in reliance on this belief. According to Slice-Sadler, the policy language is, at the very least, ambiguous with regard to when a disability whose claim is initially denied and later accepted starts, and this ambiguity should be construed in favor of her.

We review a district court's ruling on a Rule 59(e) motion for reconsideration for abuse of discretion. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). "A district court abuses its discretion when it . . . commits an error of law." *United States v. Delfino*, 510 F.3d 468, 470 (4th Cir. 2007). As relevant here, a Rule 59(e) motion may be granted "to correct a clear error of law or prevent manifest injustice." *Mayfield*, 674 F.3d at 378 (internal quotation marks omitted).

"We review the district court's grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 407 (4th Cir. 2015) (internal quotation marks omitted). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

4

of law.'" *Id.* at 408 (quoting Fed. R. Civ. P. 56(a)). The relevant inquiry is whether the evidence "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (internal quotation marks omitted). To survive a summary judgment motion, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

"Because insurance policies are contracts, we apply familiar rules of construction to discern the intent of the parties," enforcing the policy as written when its language is unambiguous.[*] *Cont'l Cas. Co.*, 886 F.3d at 371. "Terms defined in insurance policies are applied to all clauses of the insurance contract, while undefined terms are construed in accordance with their ordinary meaning." *Id.* "When the meaning of words or the effect of provisions is uncertain or capable of several reasonable interpretations, the doubts will be resolved in favor of coverage." *Id.* (ellipsis and internal quotation marks omitted).

The district court did not abuse its discretion in granting Principal's motion for reconsideration and finding that Slice-Sadler was entitled to a maximum monthly benefit of $5,475. Principal determined that Slice-Sadler was disabled as of January 2012 and

---

[*] "We apply North Carolina law because this case arose under the district court's diversity jurisdiction, and the relevant insurance polic[y] w[as] delivered in North Carolina." *Cont'l Cas. Co. v. Amerisure Ins. Co.*, 886 F.3d 366, 371 (4th Cir. 2018).

awarded her back benefits starting on this date. Accordingly, Slice-Sadler's disability started in January 2012, and any subsequent benefit increases were inapplicable because the disability was not a new disability that started on or after July 23 of 2012, 2013, or 2014. It would be unreasonable to conclude that Slice-Sadler's disability began when Principal approved the claim in February 2016. *See id.* It would also be contradictory for Principal to owe disability benefits beginning in January 2012 but in a monthly amount calculated as if Slice-Sadler's disability started after July 2014. Although Slice-Sadler claims that she paid increased premiums in reliance on her belief that she would eventually receive the corresponding benefit increases, Principal refunded Slice-Sadler these premiums, thus placing her in the same position as if it had initially found her disabled.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6